Barbara Garcia BEAUCHAT,
Appellant,

v.

Norman Y. MINETA, Secretary,
Department of Transportation,
Defendant–Appellee.

No. 06–5325–cv.

United States Court of Appeals,
Second Circuit.

Dec. 19, 2007.

Appeal from the United States District Court for the Eastern District of New York (Hurley, J.).

Saul Zabell, New York, NY, for Appellant.

Kevin P. Mulry, Assistant United States Attorney (Steven Kim, Assistant United States Attorney on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Barbara Garcia Beauchat ("Beauchat") appeals from the district court's entry of judgment for the defendant-appellee ("defendant") on its motion for summary judgment on Beauchat's claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* We assume the parties' familiarity with the facts of this case, the procedural history, and the issues presented for review.

We review a motion for summary judgment *de novo,* construing all facts and drawing all permissible inferences in the non-moving party's favor. *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003).

Beauchat, an air traffic control specialist with the Federal Aviation Administration, sought and received training at the New York Terminal Radar Approach Control ("TRACON") with the goal of becoming certified to work in the Kennedy airport sector. She complains that throughout the training period, September 2001 through April 2002, she was subjected to disparate treatment that reduced her training opportunities and undermined her ability to become certified. After an incident involving a separation problem with two planes, for which Beauchat alleges she should not have been held responsible, Beauchat's training was suspended and she was involuntarily transferred to LaGuardia airport.

Beauchat attributes that employment action, and her treatment throughout her training, to discrimination based on the fact that she is a Hispanic Native American woman. Applying the analysis set forth in *McDonnell Douglas Corporation v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the district court found that Beauchat failed to establish a prima facie case of discrimination under Title VII because the proffered evidence would not permit a rational fact-finder to infer a discriminatory motive. Specifically,

the district court found insufficient evidence to support Beauchat's claim that she was treated less favorably than similarly situated employees of different sex or national origin. *See Beauchat v. Mineta,* 2006 WL 2711608, at *7 (E.D.N.Y. Sept. 21, 2006).

■ [1] For substantially the same reasons articulated by the district court, Beauchat's arguments fail on appeal. Beauchat did not adduce evidence that other individuals identified for purposes of comparison were "similarly situated in all material respects." *Shumway v. United Parcel Serv., Inc.,* 118 F.3d 60, 64 (2d Cir.1997). The only other classroom trainee at the same time as Beauchat was her husband; he successfully certified for the Kennedy sector, but was not involved in any aircraft "separation" incidents during his training.

■ Even if Beauchat could establish a prima facie case of discrimination, she failed to introduce evidence sufficient to show that defendant's non-discriminatory rationale for its employment decisions was pretextual. *See Stern v. Trs. of Columbia Univ.,* 131 F.3d 305, 312 (2d Cir.1997) ("If the plaintiff's evidence was barely sufficient to make out a prima facie case, it may not be sufficient to establish discrimination after the defendant has proffered a neutral rationale."). To the extent Beauchat's unsatisfactory performance was due to inadequate training opportunities, there is no basis in the record for inferring that her sex or national origin was a factor. None of Beauchat's supervisors, trainers, or evaluators said or did anything that suggests that their decisions were tainted with discriminatory animus. The record offers no basis for "a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination." *Id.*

For the first time on appeal, Beauchat argues that the district court should not have used the *McDonnell Douglas* pretext analysis, but instead should have used the "mixed-motive" analysis set forth in *Price Waterhouse v. Hopkins,* 490 U.S. 228, 246–47, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (shifting burden of persuasion to defendant where there is direct evidence that illegal discrimination partly motivated an employment action). Although we ordinarily do not consider issues raised for the first time on appeal, we exercise our discretion to do so here because "the issue is purely legal and there is no need for additional fact-finding." *Readco, Inc. v. Marine Midland Bank,* 81 F.3d 295, 302 (2d Cir.1996) (citation omitted).

Beauchat's argument under *Price Waterhouse* fails because the record does not contain any evidence "*directly reflecting* the alleged discriminatory attitude." *Raskin v. Wyatt Co.,* 125 F.3d 55, 60–61 (2d Cir.1997) (emphasis in original) (citation omitted); *see also de la Cruz v. New York City Human Res. Admin. Dep't of Soc. Servs.,* 82 F.3d 16, 23 (2d Cir.1996) ("In a 'mixed motives' case, a plaintiff must initially proffer evidence that an impermissible criterion was *in fact* a 'motivating' or 'substantial' factor in the employment decision.") (emphasis in original) (citation omitted). Beauchat points to the remark of one of her trainers that she "could have made it" through training had she been given "more time" to complete training and "consistent" training. Beauchat also relies on the statement of a union representative with no responsibility to supervise or evaluate Beauchat that "we have been picking and choosing long before you got here and we will continue to do it long after you're gone. And if you don't like it, sue us." These two statements, both made after termination of Beauchat's training, do not amount to the type of direct evidence or "smoking gun" required to show discriminatory treatment. *Raskin,* 125 F.3d at 61.

Finding no merit in Beauchat's remaining arguments, we hereby **AFFIRM** the judgment of the district court.